# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF NEW YORK

C.A. NO.



|  |  |
|---|---|
| JACK FOLEY, MARY O'DONOGHUE AND DAVID ROBBINS<br>Plaintiffs, | ) ) ) ) |
| v. | ) ) |
| STEVEN M. LOEB, BLAD CO., WILLIAM TRIPP, INDIVIDUALLY AND D/B/A TRIPP DESIGN NAVAL ARCHITECTURE<br>Defendants. | ) ) ) ) ) ) |

GARAUFIS, J

POLLAK, M.J.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★   JUL 0 8 2005   ★

BROOKLYN OFFICE

## COMPLAINT AND JURY DEMAND

### PARTIES

1.      This is a case of admiralty and maritime jurisdiction, as will more fully appear, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.      This Court has jurisdiction over the instant action pursuant to 28 U.S.C.S. § 1332 and 28 U.S.C.S. § 1333, as will more fully appear, due to the diversity of the citizenship of the parties and the amount in controversy.  Each of the plaintiffs has suffered losses and incurred medical bills in excess of $75,000.00.

3.      This Court has jurisdiction over the instant action pursuant to 28 U.S.C.S. § 1333, as will more fully appear, due the nature of the controversy.

4.      The plaintiff, Jack Foley, is an individual residing at 25 Irving Road, Scituate, Massachusetts.

5.     The plaintiff, Mary O'Donoghue, is an individual residing at 68 I Street, South Boston, Massachusetts.

6.     The plaintiff, David Robbins, is an individual residing at 66 Columbia Street, Brookline, Massachusetts.

7.     The defendant, Blad Co., Inc. (hereinafter "Blad Co."), is a corporation duly organized and existing under and by virtue of the laws of the State of Delaware.  Blad Co. has a principal place of business at the Corporation Trust Center located at 1209 Orange Street in Wilmington, Delaware.

8.     The defendant, Steven M. Loeb, is an individual residing at 7 Mathews Street, Melville, New York.

9.     The defendant, William Tripp, is an individual who does business as Tripp Design Naval Architecture, (hereinafter "William Tripp") located at 144 Water Street, South Norwalk, Connecticut.

## FACTS

10.    At all relevant times, the defendant, Steven M. Loeb, was the sole owner of all capital stock of Blad Co, and exercised control and all incidents of ownership over the sailing vessel, Sirena.

11.    Upon information and belief, the defendant, Steven M. Loeb, was at all relevant times the sole officer and director of Blad Co.

12.    At all relevant times, the defendant, Blad Co., owned, managed, operated and otherwise controlled the sailing vessel, Sirena.

13.    Upon information and belief, the defendant, Steven M. Loeb, confused and intermingled the assets of the defendant, Blad Co., with his personal assets.

2

14.  Upon information and belief, the defendant, Steven M. Loeb, confused and intermingled his personal activity with the business activity of the defendant, Blad Co.

15.  Upon information and belief, the officers and directors of the defendant, Blad Co., were non-functioning.

16.  Upon information and belief, the defendant, Blad Co., was used for transactions of the sole owner of all capital stock, the defendant, Steven M. Loeb.

17.  Upon information and belief, the defendant, William Tripp, is a naval architect who designs custom built racing sailboats.

18.  Upon information and belief, the defendant, William Tripp's design of custom built racing sailboats are a significant factor in the growth, productivity and profitability of Tripp Design Naval Architecture.

19.  Upon information and belief, the performance of custom built racing sailboats designed, is a significant factor in the growth, productivity and profitability of Tripp Design Naval Architecture.

20.  Upon information and belief, the performance of custom built racing sailboats designed by the defendant, William Tripp, is and has been advertised by Tripp Design Naval Architecture.

21.  William Tripp has a significant financial incentive and commercial interest in the racing performance of custom built racing sailboats of his design.

22.  Sirena is a custom built racing sailboat designed by Tripp Design Naval Architecture.

23.  At all times relevant, William Tripp and Tripp Design Naval Architecture had a significant commercial interest in the racing performance of Sirena.

850676v1

24.     William Tripp and Tripp Design Naval Architecture advertise the racing successes of
        Sirena.

25.     At all relevant times, Sirena was competing in a regatta conducted by the New York
        Yacht Club in July 2002, in Narragansett Bay, Rhode Island within navigable waters of
        the United States (hereinafter the "Regatta").

26.     At all relevant times, the sailing vessel Sforzando was competing in the Regatta.

27.     Sirena and Sforzando competed in Race Number Three of the Regatta on July 14, 2002
        (hereinafter the "Race").

28.     The plaintiffs, Jack Foley, Mary O'Donoghue and David Robbins, were crew members
        aboard Sforzando during the Race.

29.     The defendant, Steven M. Loeb, was managing, operating and controlling Sirena as its
        skipper during the Race.

30.     The defendant, William Tripp, was the tactician aboard Sirena during the Race.  As
        tactician, William Tripp was responsible for making strategic decisions concerning the
        maneuvering and positioning of Sirena with respect to other vessels competing in the
        Race.

31.     The Race was governed by the International Rules of Sailing for 2001-2004, the
        Prescriptions of US SAILING, a Notice of Race and the Sailing Instructions for the Race
        (collectively, the "Rules").

32.     The Rules constituted a private contract between the participants in the Regatta, including
        plaintiffs, Jack Foley, Mary O'Donoghue and David Robbins, and the defendants, Steven
        M. Loeb, Blad Co. and William Tripp, requiring their compliance therewith.

4

33.   At all relevant times, during the Race, Sforzando was on starboard tack, and Sirena was on port tack.

34.   As the vessels approached the windward mark, Sforzando was on the starboard layline and Sirena was on a port layline.

35.   As the vessels neared the windward mark, Sirena attempted to cross in front of Sforzando.  On information and belief, this maneuver was made by the defendants in an effort to gain an advantage over Sforzando.

36.   Sforzando had the right of way and Sirena was required to keep clear of Sforzando.

37.   As the vessels neared the windward mark, Steven M. Loeb, with the assistance and direction of the defendant, William Tripp, altered Sirena's course, causing the vessels to be on a collision course, bow to bow, at a closing speed of approximately 15 knots.

38.   As a direct result of the actions of the defendant, Steven M. Loeb, and the defendant, William Tripp, Sirena and Sforzando forcefully impacted on their respective starboard sides.

39.   As a direct result of the collision caused by the defendant, Steven M. Loeb, and the defendant, William Tripp, the plaintiff, Jack Foley, sustained severe personal injuries.

40.   As a direct result of the collision caused by the defendant, Steven M. Loeb, and the defendant, William Tripp, the plaintiff, Mary O'Donoghue, sustained severe personal injuries.

41.   As a direct result of the collision caused by the defendant, Steven M. Loeb, and the defendant, William Tripp, the plaintiff, David Robbins, sustained severe personal injuries.

5

42.     As a direct result of the collision caused by the defendant, Steven M. Loeb, and the defendant, William Tripp, Sforzando was forced to immediately withdraw from the Race and obtain medical treatment for its injured crew.

43.     The Protest Committee appointed in accordance with the Rules, determined that Sirena violated Rule 10 of the Racing Rules of Sailing causing the collision during which the plaintiffs were injured.

44.     As a result of the determination by the Protest Committee of the Regatta, Sirena was disqualified from the Race.

## COUNT I

### Negligence Against Steven M. Loeb (Jack Foley)

45.     The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-44 as if set forth in full herein.

46.     At all relevant times, the defendant, Steven M. Loeb, had a duty to the plaintiff, Jack Foley, to manage, operate and control Sirena in a reasonably prudent manner in accordance with prudent seamanship and in accordance with the Rules.

47.     During the Race, the defendant, Steven M. Loeb, breached his duty of care to the plaintiff, Jack Foley, by willfully, knowingly and wantonly failing to manage, operate and control Sirena in a reasonably prudent manner, failing to practice prudent seamanship and violating the Rules.

48.     The defendant, Steven M. Loeb, by willfully, knowingly and wantonly breaching the duty he owed to the plaintiff, Jack Foley, was negligent, reckless and careless.

49.     As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Steven M. Loeb, the plaintiff, Jack Foley, suffered severe personal injuries.

50.     As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Steven M. Loeb, the plaintiff, Jack Foley, suffered a permanent impairment.

51.     As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Steven M. Loeb, the plaintiff, Jack Foley, suffered a loss of wages.

52.     As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Steven M. Loeb, the plaintiff, Jack Foley, suffered a loss of earning capacity.

53.     As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Steven M. Loeb, the plaintiff, Jack Foley, suffered severe emotional distress.

WHEREFORE, the plaintiff, Jack Foley, demands judgment against the defendant, Steven M. Loeb, in an amount which will fully and fairly compensation him for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

## COUNT II

### Negligence Against Blad Co. (Jack Foley)

54.     The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-53 as if set forth an full herein.

55.     At all relevant times, the defendant, Blad Co., had a duty to the plaintiff, Jack Foley, to manage, operate and control Sirena in a reasonably prudent manner in accordance with prudent seamanship and in accordance with the Rules.

56.     During the Race, the defendant, Steven M. Loeb, as an agent of the defendant, Blad Co., breached his duty of care to the plaintiff, Jack Foley, by willfully, knowingly and wantonly failing to manage, operate and control Sirena in a reasonably prudent manner, failing to practice prudent seamanship and violating the Rules.

850676v1

57.    The defendant, Blad Co., by willfully, knowingly and wantonly allowing its agent, Steven M. Loeb, to breach the duty it owed to the plaintiff, Jack Foley, was negligent, reckless and careless.

58.    As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Blad Co., the plaintiff, Jack Foley, suffered severe personal injuries.

59.    As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Blad Co., the plaintiff, Jack Foley, suffered a loss of wages.

60.    As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Blad Co., the plaintiff, Jack Foley, suffered a loss of earning capacity.

61.    As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Blad Co., the plaintiff, Jack Foley, suffered a permanent impairment.

62.    As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Blad Co., the plaintiff, Jack Foley, suffered severe emotional distress.

WHEREFORE, the plaintiff, Jack Foley, demands judgment against the defendant, Blad Co., in an amount which will fully and fairly compensation him for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

## COUNT III

### Breach of Contract Against Steven M. Loeb (Jack Foley)

63.    The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-62 as if set forth an full herein.

64.    At all relevant times, the Rules constituted a private contract between the participants of the Regatta and the Race, including plaintiff, Jack Foley, and the defendants.

8

850676v1

65.    By entering the Regatta and the Race, the defendant, Steven M. Loeb, agreed to be bound
       by the Rules.

66.    During the Race, the defendant, Steven M. Loeb, violated the Rules.

67.    By violating the Rules, the defendant, Steven M. Loeb, breached the contract with the
       plaintiff, Jack Foley.

68.    As a proximate and direct result of the defendant, Steven M. Loeb's breach of the
       contract, as set forth above, the plaintiff, Jack Foley, suffered severe personal injuries.

69.    As a proximate and direct result of the defendant, Steven M. Loeb's breach of the
       contract, as set forth above, the plaintiff, Jack Foley, suffered a loss of wages.

70.    As a proximate and direct result of the defendant, Steven M. Loeb's breach of the
       contract, as set forth above, the plaintiff, Jack Foley, suffered a loss of earning capacity.

71.    As a proximate and direct result of the defendant, Steven M. Loeb's breach of the
       contract, as set forth above, the plaintiff, Jack Foley, suffered severe emotional distress.

72.    As a proximate and direct result of the defendant, Steven M. Loeb's breach of the
       contract, as set forth above, the plaintiff, Jack Foley, suffered a permanent impairment.

       WHEREFORE, the plaintiff, Jack Foley, demands judgment against the defendant,
Steven M. Loeb, in an amount which will fully and fairly compensation him for the loss of
earning capacity, lost wages, personal injuries and emotional distress, as set forth above together
with all damages, interest, attorneys fees and costs allowed by law.

## COUNT IV

### Breach of Contract Against Blad Co. (Jack Foley)

73.    The plaintiffs repeat and incorporate herein by reference the allegations contained in
       paragraphs 1-72 as if set forth an full herein.

9

74.     At all relevant times, the Rules constituted a private contract between the participants of the Regatta and the Race, including plaintiff, Jack Foley, and the defendants.

75.     By entering the Regatta and the Race, the defendant, Blad Co., agreed to be bound by the Rules.

76.     During the Race, the defendant, Blad Co., violated the Rules.

77.     By violating the Rules, the defendant, Blad Co., breached the contract with the plaintiff, Jack Foley.

78.     As a proximate and direct result of the defendant, Blad Co.'s breach of the contract, as set forth above, the plaintiff, Jack Foley, suffered severe personal injuries.

79.     As a proximate and direct result of the defendant, Blad Co.'s breach of the contract, as set forth above, the plaintiff, Jack Foley, suffered a permanent impairment.

80.     As a proximate and direct result of the defendant, Blad Co.'s breach of the contract, as set forth above, the plaintiff, Jack Foley, suffered a loss of wages.

81.     As a proximate and direct result of the defendant, Blad Co.'s breach of the contract, as set forth above, the plaintiff, Jack Foley, suffered a loss of earning capacity.

82.     As a proximate and direct result of the defendant, Blad Co.'s breach of the contract, as set forth above, the plaintiff, Jack Foley, suffered severe emotional distress.

        WHEREFORE, the plaintiff, Jack Foley, demands judgment against the defendant, Blad Co., in an amount which will fully and fairly compensation him for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

## COUNT V

### Piercing the Corporate Veil Against Steven M. Loeb (Jack Foley)

10

83.     The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-82 as if set forth an full herein.

84.     Upon information and belief, the plaintiff, Jack Foley, is entitled to pierce the corporate veil of the defendant, Blad Co., for reasons, including but not limited to, the defendant, Steven M. Loeb, confused and intermingled the assets of the defendant, Blad Co., with his personal assets; the defendant, Steven M. Loeb, confused and intermingled his personal activity with the business activity of the defendant, Blad Co.; the officers and directors of the defendant, Blad Co., were non-functioning; and the assets of the defendant, Blad Co., were used for transactions of the sole owner of all capital stock, the defendant, Steven M. Loeb.

85.     The defendant, Steven M. Loeb, has engaged in a common enterprise with the defendant, Blad Co., in such a way as to confuse its corporate identity.

86.     As a result of the defendant, Steven M. Loeb's confusion and intermingling of the assets of the defendant, Blad Co., with his personal assets, his personal activity with the business activity of the defendant, Blad Co., the non-functioning the officers and directors of the defendant, Blad Co., and use of the assets of the defendant, Blad Co., for his own personal transactions, the defendant, Steven M. Loeb, is liable for the actions, omissions, negligence and breach of contract of the defendant, Blad Co.

87.     The confused and intermingled relationship between the defendants, Steven M. Loeb and Blad Co., and the actions described above, have caused and will continue to cause damages and injury to the plaintiff, Jack Foley.

        WHEREFORE, the plaintiff, Jack Foley, demands judgment against the defendants, Steven M. Loeb and Blad Co., in an amount which will fully and fairly compensation him for the

11

850676v1

loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

## COUNT VI

### Negligence Against William Tripp (Jack Foley)

88.     The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-87 as if set forth in full herein.

89.     At all relevant times, the defendant, William Tripp, had a duty to the plaintiff, Jack Foley, to assist in the direction and maneuvering of Sirena in a reasonably prudent manner in accordance with prudent seamanship and in accordance with the Rules.

90.     During the Race, the defendant, William Tripp, breached his duty of care to the plaintiff, Jack Foley, by willfully, knowingly and wantonly failing to direct and maneuver Sirena in a reasonably prudent manner, failing to practice prudent seamanship and violating the Rules.

91.     The defendant, William Tripp, by willfully, knowingly and wantonly breaching the duty he owed to the plaintiff, Jack Foley, was negligent, reckless and careless.

92.     As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, William Tripp, the plaintiff, Jack Foley, suffered severe personal injuries.

93.     As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, William Tripp, the plaintiff, Jack Foley, suffered a permanent impairment.

94.     As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, William Tripp, the plaintiff, Jack Foley, suffered a loss of wages.

95.     As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, William Tripp, the plaintiff, Jack Foley, suffered a loss of earning capacity.

850676v1

96.     As a direct and proximate result of the negligence, recklessness and carelessness of the
        defendant, William Tripp, the plaintiff, Jack Foley, suffered severe emotional distress.

        WHEREFORE, the plaintiff, Jack Foley, demands judgment against the defendant,
William Tripp, in an amount which will fully and fairly compensation him for the loss of earning
capacity, lost wages, personal injuries and emotional distress, as set forth above together with all
damages, interest, attorneys fees and costs allowed by law.

## COUNT VII

### Breach of Contract Against William Tripp (Jack Foley)

97.     The plaintiffs repeat and incorporate herein by reference the allegations contained in
        paragraphs 1-96 as if set forth an full herein.

98.     At all relevant times, the Rules constituted a private contract between the participants of
        the Regatta and the Race, including plaintiff, Jack Foley, and the defendants.

99.     By entering the Regatta and the Race, the defendant, William Tripp, agreed to be bound
        by the Rules.

100.    During the Race, the defendant, William Tripp, violated the Rules.

101.    As a proximate and direct result of the defendant, William Tripp's breach of the contract,
        as set forth above, the plaintiff, Jack Foley, suffered severe personal injuries.

102.    As a proximate and direct result of the defendant, William Tripp's breach of the contract,
        as set forth above, the plaintiff, Jack Foley, suffered a permanent impairment.

103.    As a proximate and direct result of the defendant, William Tripp's breach of the contract,
        as set forth above, the plaintiff, Jack Foley, suffered a loss of wages.

104.    As a proximate and direct result of the defendant, William Tripp's breach of the contract,
        as set forth above, the plaintiff, Jack Foley, suffered a loss of earning capacity.

105.    As a proximate and direct result of the defendant, William Tripp's breach of the contract, as set forth above, the plaintiff, Jack Foley, suffered severe emotional distress.

WHEREFORE, the plaintiff, Jack Foley, demands judgment against the defendant, William Tripp, in an amount which will fully and fairly compensation him for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

850676v1

## COUNT VIII

### Negligence Against Steven M. Loeb (Mary O'Donoghue)

106.    The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-105 as if set forth an full herein.

107.    At all relevant times, the defendant, Steven M. Loeb, had a duty to the plaintiff, Mary O'Donoghue, to manage, operate and control Sirena in a reasonably prudent manner in accordance with prudent seamanship and in accordance with the Rules.

108.    During the Race, the defendant, Steven M. Loeb, breached his duty of care to the plaintiff, Mary O'Donoghue, by willfully, knowingly and wantonly failing to manage, operate and control Sirena in a reasonably prudent manner, failing to practice prudent seamanship and violating the Rules.

109.    The defendant, Steven M. Loeb, by willfully, knowingly and wantonly breaching the duty he owed to the plaintiff, Mary O'Donoghue, was negligent, reckless and careless.

110.    As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Steven M. Loeb, the plaintiff, Mary O'Donoghue, suffered severe personal injuries.

111.    As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Steven M. Loeb, the plaintiff, Mary O'Donoghue, suffered a permanent impairment.

112.    As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Steven M. Loeb, the plaintiff, Mary O'Donoghue, suffered a loss of wages.

850676v1

113.     As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Steven M. Loeb, the plaintiff, Mary O'Donoghue, suffered a loss of earning capacity.

114.     As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Steven M. Loeb, the plaintiff, Mary O'Donoghue, suffered severe emotional distress.

WHEREFORE, the plaintiff, Mary O'Donoghue, demands judgment against the defendant, Steven M. Loeb, in an amount which will fully and fairly compensation her for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

## COUNT IX

### Negligence Against Blad Co. (Mary O'Donoghue)

115.     The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-114 as if set forth an full herein.

116.     At all relevant times, the defendant, Blad Co., had a duty to the plaintiff, Mary O'Donoghue, to manage, operate and control Sirena in a reasonably prudent manner in accordance with prudent seamanship and in accordance with the Rules.

117.     During the Race, the defendant, Steven M. Loeb, as an agent of the defendant, Blad Co., breached his duty of care to the plaintiff, Mary O'Donoghue, by willfully, knowingly and wantonly failing to manage, operate and control Sirena in a reasonably prudent manner, failing to practice prudent seamanship and violating the Rules.

118.     The defendant, Blad Co., by willfully, knowingly and wantonly allowing its agent, Steven M. Loeb, to breach the duty it owed to the plaintiff, Mary O'Donoghue, was negligent, reckless and careless.

16

119.    As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Blad Co., the plaintiff, Mary O'Donoghue, suffered severe personal injuries.

120.    As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Blad Co., the plaintiff, Mary O'Donoghue, suffered a loss of wages.

121.    As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Blad Co., the plaintiff, Mary O'Donoghue, suffered a loss of earning capacity.

122.    As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Blad Co., the plaintiff, Mary O'Donoghue, suffered severe emotional distress.

123.    As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Blad Co., the plaintiff, Mary O'Donoghue, suffered a permanent impairment.

WHEREFORE, the plaintiff, Mary O'Donoghue, demands judgment against the defendant, Blad Co., in an amount which will fully and fairly compensation her for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

## COUNT X

### Breach of Contract Against Steven M. Loeb (Mary O'Donoghue)

124.    The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-123 as if set forth an full herein.

125.    At all relevant times, the Rules constituted a private contract between the participants of the Regatta and the Race, including plaintiff, Mary O'Donoghue, and the defendants.

126.    By entering the Regatta and the Race, the defendant, Steven M. Loeb, agreed to be bound by the Rules.

127.    During the Race, the defendant, Steven M. Loeb, violated the Rules.

128.    By violating the Rules, the defendant, Steven M. Loeb, breached the contract with the plaintiff, Mary O'Donoghue.

129.    As a proximate and direct result of the defendant, Steven M. Loeb's breach of the contract, as set forth above, the plaintiff, Mary O'Donoghue, suffered severe personal injuries.

130.    As a proximate and direct result of the defendant, Steven M. Loeb's breach of the contract, as set forth above, the plaintiff, Mary O'Donoghue, suffered a loss of wages.

131.    As a proximate and direct result of the defendant, Steven M. Loeb's breach of the contract, as set forth above, the plaintiff, Mary O'Donoghue, suffered a loss of earning capacity.

132.    As a proximate and direct result of the defendant, Steven M. Loeb's breach of the contract, as set forth above, the plaintiff, Mary O'Donoghue, suffered severe emotional distress.

133.    As a proximate and direct result of the defendant, Steven M. Loeb's breach of the contract, as set forth above, the plaintiff, Mary O'Donoghue, suffered a permanent impairment.

WHEREFORE, the plaintiff, Mary O'Donoghue, demands judgment against the defendant, Steven M. Loeb, in an amount which will fully and fairly compensation her for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

## COUNT XI

### Breach of Contract Against Blad Co. (Mary O'Donoghue)

134.    The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-133 as if set forth an full herein.

18

850676v1

135.  At all relevant times, the Rules constituted a private contract between the participants of the Regatta and the Race, including plaintiff, Mary O'Donoghue, and the defendants.

136.  By entering the Regatta and the Race, the defendant, Blad Co., agreed to be bound by the Rules.

137.  During the Race, the defendant, Blad Co., violated the Rules.

138.  By violating the Rules, the defendant, Blad Co., breached the contract with the plaintiff, Mary O'Donoghue.

139.  As a proximate and direct result of the defendant, Blad Co.'s breach of the contract, as set forth above, the plaintiff, Mary O'Donoghue, suffered severe personal injuries.

140.  As a proximate and direct result of the defendant, Blad Co.'s breach of the contract, as set forth above, the plaintiff, Mary O'Donoghue, suffered a loss of wages.

141.  As a proximate and direct result of the defendant, Blad Co.'s breach of the contract, as set forth above, the plaintiff, Mary O'Donoghue, suffered a loss of earning capacity.

142.  As a proximate and direct result of the defendant, Blad Co.'s breach of the contract, as set forth above, the plaintiff, Mary O'Donoghue, suffered severe emotional distress.

143.  As a proximate and direct result of the defendant, Blad Co.'s breach of the contract, as set forth above, the plaintiff, Mary O'Donoghue, suffered a permanent impairment.

WHEREFORE, the plaintiff, Mary O'Donoghue, demands judgment against the defendant, Blad Co., in an amount which will fully and fairly compensation her for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

850676v1

## COUNT XII

### Piercing the Corporate Veil Against Steven M. Loeb (Mary O'Donoghue)

144.    The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-143 as if set forth an full herein.

145.    Upon information and belief, the plaintiff, Mary O'Donoghue, is entitled to pierce the corporate veil of the defendant, Blad Co., for reasons, including but not limited to, the defendant, Steven M. Loeb, confused and intermingled the assets of the defendant, Blad Co., with his personal assets; the defendant, Steven M. Loeb, confused and intermingled his personal activity with the business activity of the defendant, Blad Co.; the officers and directors of the defendant, Blad Co., were non-functioning; and the assets of the defendant, Blad Co., were used for transactions of the sole owner of all capital stock, the defendant, Steven M. Loeb.

146.    The defendant, Steven M. Loeb, has engaged in a common enterprise with the defendant, Blad Co., in such a way as to confuse its corporate identity.

147.    As a result of the defendant, Steven M. Loeb's confusion and intermingling of the assets of the defendant, Blad Co., with his personal assets, his personal activity with the business activity of the defendant, Blad Co., the non-functioning the officers and directors of the defendant, Blad Co., and use of the assets of the defendant, Blad Co., for his own personal transactions, the defendant, Steven M. Loeb, is liable for the actions, omissions, negligence and breach of contract of the defendant, Blad Co.

148.    The confused and intermingled relationship between the defendants, Steven M. Loeb and Blad Co., and the actions described above, have caused and will continue to cause damages and injury to the plaintiff, Mary O'Donoghue.

20

WHEREFORE, the plaintiff, Mary O'Donoghue, demands judgment against the defendants, Steven M. Loeb and Blad Co., in an amount which will fully and fairly compensation her for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

## COUNT XIII

### Negligence Against William Tripp (Mary O'Donoghue)

149.   The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-148 as if set forth in full herein.

150.   At all relevant times, the defendant, William Tripp, had a duty to the plaintiff, Mary O'Donoghue, to assist in the direction and maneuvering of Sirena in a reasonably prudent manner in accordance with prudent seamanship and in accordance with the Rules.

151.   During the Race, the defendant, William Tripp, breached his duty of care to the plaintiff, Mary O'Donoghue, by willfully, knowingly and wantonly failing to direct and maneuver Sirena in a reasonably prudent manner, failing to practice prudent seamanship and violating the Rules.

152.   The defendant, William Tripp, by willfully, knowingly and wantonly breaching the duty he owed to the plaintiff, Mary O'Donoghue, was negligent, reckless and careless.

153.   As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, William Tripp, the plaintiff, Mary O'Donoghue, suffered severe personal injuries.

154.   As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, William Tripp, the plaintiff, Mary O'Donoghue, suffered a permanent impairment.

850676v1

155. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, William Tripp, the plaintiff, Mary O'Donoghue, suffered a loss of wages.

156. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, William Tripp, the plaintiff, Mary O'Donoghue, suffered a loss of earning capacity.

157. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, William Tripp, the plaintiff, Mary O'Donoghue, suffered severe emotional distress.

WHEREFORE, the plaintiff, Mary O'Donoghue, demands judgment against the defendant, William Tripp, in an amount which will fully and fairly compensation her for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

## COUNT XIV

### Breach of Contract Against William Tripp (Mary O'Donoghue)

158. The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-157 as if set forth an full herein.

159. At all relevant times, the Rules constituted a private contract between the participants of the Regatta and the Race, including plaintiff, Mary O'Donoghue, and the defendant, William Tripp, requiring their compliance therewith.

160. By entering the Regatta and the Race, the defendant, William Tripp, agreed to be bound by the Rules.

161. During the Race, the defendant, William Tripp, violated the Rules.

162. By violating the Rules, the defendant, William Tripp, breached the contract with the plaintiff, Mary O'Donoghue.

22

163.    As a proximate and direct result of the defendant, William Tripp's breach of the contract, as set forth above, the plaintiff, Mary O'Donoghue, suffered severe personal injuries.

164.    As a proximate and direct result of the defendant, William Tripp's breach of the contract, as set forth above, the plaintiff, Mary O'Donoghue, suffered a loss of wages.

165.    As a proximate and direct result of the defendant, William Tripp's breach of the contract, as set forth above, the plaintiff, Mary O'Donoghue, suffered a loss of earning capacity.

166.    As a proximate and direct result of the defendant, William Tripp's breach of the contract, as set forth above, the plaintiff, Mary O'Donoghue, suffered severe emotional distress.

167.    As a proximate and direct result of the defendant, William Tripp's breach of the contract, as set forth above, the plaintiff, Mary O'Donoghue, suffered a permanent impairment.

WHEREFORE, the plaintiff, Mary O'Donoghue, demands judgment against the defendant, William Tripp, in an amount which will fully and fairly compensation her for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

## COUNT XV

### Negligence Against Steven M. Loeb (David Robbins)

168.    The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-167 as if set forth an full herein.

169.    At all relevant times, the defendant, Steven M. Loeb, had a duty to the plaintiff, David Robbins, to manage, operate and control Sirena in a reasonably prudent manner in accordance with prudent seamanship and in accordance with the Rules.

170.    During the Race, the defendant, Steven M. Loeb, breached his duty of care to the plaintiff, David Robbins, by willfully, knowingly and wantonly failing to manage,

operate and control Sirena in a reasonably prudent manner, failing to practice prudent seamanship and violating the Rules.

171.     The defendant, Steven M. Loeb, by willfully, knowingly and wantonly breaching the duty he owed to the plaintiff, David Robbins, was negligent, reckless and careless.

172.     As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Steven M. Loeb, the plaintiff, David Robbins, suffered severe personal injuries.

173.     As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Steven M. Loeb, the plaintiff, David Robbins, suffered a permanent impairment.

174.     As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Steven M. Loeb, the plaintiff, David Robbins, suffered a loss of wages.

175.     As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Steven M. Loeb, the plaintiff, David Robbins, suffered a loss of earning capacity.

176.     As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Steven M. Loeb, the plaintiff, David Robbins, suffered severe emotional distress.

WHEREFORE, the plaintiff, David Robbins, demands judgment against the defendant, Steven M. Loeb, in an amount which will fully and fairly compensation him for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

24

850676v1

## COUNT XVI

### Negligence Against Blad Co. (David Robbins)

177.     The plaintiff, David Robbins, repeats and incorporates herein by reference the allegations contained in paragraphs 1-176 as if set forth an full herein.

178.     At all relevant times, the defendant, Blad Co., had a duty to the plaintiff, David Robbins, to manage, operate and control Sirena in a reasonably prudent manner in accordance with prudent seamanship and in accordance with the Rules.

179.     During the Race, the defendant, Steven M. Loeb, as an agent of the defendant, Blad Co., breached his duty of care to the plaintiff, David Robbins, by willfully, knowingly and wantonly failing to manage, operate and control Sirena in a reasonably prudent manner, failing to practice prudent seamanship and violating the Rules.

180.     The defendant, Blad Co., by willfully, knowingly and wantonly allowing its agent, Steven M. Loeb, to breach the duty it owed to the plaintiff, David Robbins, was negligent, reckless and careless.

181.     As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Blad Co., the plaintiff, David Robbins, suffered severe personal injuries.

182.     As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Blad Co., the plaintiff, David Robbins, suffered a loss of wages.

183.     As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Blad Co., the plaintiff, David Robbins, suffered a loss of earning capacity.

184.     As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Blad Co., the plaintiff, David Robbins, suffered severe emotional distress.

850676v1

185.    As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Blad Co.,, the plaintiff, David Robbins, suffered a permanent impairment.

WHEREFORE, the plaintiff, David Robbins, demands judgment against the defendant, Blad Co., in an amount which will fully and fairly compensation him for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

## COUNT XVII

### Breach of Contract Against Steven M. Loeb (David Robbins)

186.    The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-185 as if set forth an full herein.

187.    At all relevant times, the Rules constituted a private contract between the participants of the Regatta and the Race, including plaintiff, David Robbins, and the defendants.

188.    By entering the Regatta and the Race, the defendant, Steven M. Loeb, agreed to be bound by the Rules.

189.    During the Race, the defendant, Steven M. Loeb, violated the Rules.

190.    By violating the Rules, the defendant, Steven M. Loeb, breached the contract with the plaintiff, David Robbins.

191.    As a proximate and direct result of the defendant, Steven M. Loeb's breach of the contract, as set forth above, the plaintiff, David Robbins, suffered severe personal injuries.

192.    As a proximate and direct result of the defendant, Steven M. Loeb's breach of the contract, as set forth above, the plaintiff, David Robbins, suffered a loss of wages.

850676v1

193.    As a proximate and direct result of the defendant, Steven M. Loeb's breach of the
contract, as set forth above, the plaintiff, David Robbins, suffered a loss of earning
capacity.

194.    As a proximate and direct result of the defendant, Steven M. Loeb's breach of the
contract, as set forth above, the plaintiff, David Robbins, suffered severe emotional
distress.

195.    As a proximate and direct result of the defendant, Steven M. Loeb's breach of the
contract, as set forth above, the plaintiff, David Robbins, suffered a permanent
impairment.

WHEREFORE, the plaintiff, David Robbins, demands judgment against the defendant,
Steven M. Loeb, in an amount which will fully and fairly compensation him for the loss of
earning capacity, lost wages, personal injuries and emotional distress, as set forth above together
with all damages, interest, attorneys fees and costs allowed by law.

### COUNT XVIII

### Breach of Contract Against Blad Co. (David Robbins)

196.    The plaintiffs repeat and incorporate herein by reference the allegations contained in
paragraphs 1-195 as if set forth an full herein.

197.    At all relevant times, the Rules constituted a private contract between the participants of
the Regatta and the Race, including plaintiff, David Robbins, and the defendants.

198.    By entering the Regatta and the Race, the defendant, Blad Co., agreed to be bound by the
Rules.

199.    During the Race, the defendant, Blad Co., violated the Rules.

200.    By violating the Rules, the defendant, Blad Co., breached the contract with the plaintiff,
David Robbins.

27

201.    As a proximate and direct result of the defendant, Blad Co.'s breach of the contract, as set
forth above, the plaintiff, David Robbins, suffered severe personal injuries.

202.    As a proximate and direct result of the defendant, Blad Co.'s breach of the contract, as set
forth above, the plaintiff, David Robbins, suffered a loss of wages.

203.    As a proximate and direct result of the defendant, Blad Co.'s breach of the contract, as set
forth above, the plaintiff, David Robbins, suffered a loss of earning capacity.

204.    As a proximate and direct result of the defendant, Blad Co.'s breach of the contract, as set
forth above, the plaintiff, David Robbins, suffered severe emotional distress.

205.    As a proximate and direct result of the defendant, Blad Co.'s breach of the contract, as set
forth above, the plaintiff, David Robbins, suffered a permanent impairment.

WHEREFORE, the plaintiff, David Robbins, demands judgment against the defendant,
Blad Co., in an amount which will fully and fairly compensation him for the loss of earning
capacity, lost wages, personal injuries and emotional distress, as set forth above together with all
damages, interest, attorneys fees and costs allowed by law.

## COUNT XIX

### Piercing the Corporate Veil Against Steven M. Loeb (David Robbins)

206.    The plaintiffs repeat and incorporate herein by reference the allegations contained in
paragraphs 1-205 as if set forth an full herein.

207.    Upon information and belief, the plaintiff, David Robbins, is entitled to pierce the
corporate veil of the defendant, Blad Co., for reasons, including but not limited to, the
defendant, Steven M. Loeb, confused and intermingled the assets of the defendant, Blad
Co., with his personal assets; the defendant, Steven M. Loeb, confused and intermingled
his personal activity with the business activity of the defendant, Blad Co.; the officers and
directors of the defendant, Blad Co., were non-functioning; and the assets of the

28

defendant, Blad Co., were used for transactions of the sole owner of all capital stock, the defendant, Steven M. Loeb.

208.   The defendant, Steven M. Loeb, has engaged in a common enterprise with the defendant, Blad Co., in such a way as to confuse its corporate identity.

209.   As a result of the defendant, Steven M. Loeb's confusion and intermingling of the assets of the defendant, Blad Co., with his personal assets, his personal activity with the business activity of the defendant, Blad Co., the non-functioning the officers and directors of the defendant, Blad Co., and use of the assets of the defendant, Blad Co., for his own personal transactions, the defendant, Steven M. Loeb, is liable for the actions, omissions, negligence and breach of contract of the defendant, Blad Co.

210.   The confused and intermingled relationship between the defendants, Steven M. Loeb and Blad Co., and the actions described above, have caused and will continue to cause damages and injury to the plaintiff, David Robbins.

WHEREFORE, the plaintiff, David Robbins, demands judgment against the defendants, Steven M. Loeb and Blad Co., in an amount which will fully and fairly compensation him for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

## COUNT XX

### Negligence Against William Tripp (David Robbins)

211.   The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-210 as if set forth in full herein.

212.   At all relevant times, the defendant, William Tripp, had a duty to the plaintiff, David Robbins, to assist in the direction and maneuvering of Sirena in a reasonably prudent manner in accordance with prudent seamanship and in accordance with the Rules.

29

850676v1

213.   During the Race, the defendant, William Tripp, breached his duty of care to the plaintiff, David Robbins, by willfully, knowingly and wantonly failing to direct and maneuver Sirena in a reasonably prudent manner, failing to practice prudent seamanship and violating the Rules.

214.   The defendant, William Tripp, by willfully, knowingly and wantonly breaching the duty he owed to the plaintiff, David Robbins, was negligent, reckless and careless.

215.   As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, William Tripp, the plaintiff, David Robbins, suffered severe personal injuries.

216.   As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, William Tripp, the plaintiff, David Robbins, suffered a permanent impairment.

217.   As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, William Tripp, the plaintiff, David Robbins, suffered a loss of wages.

218.   As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, William Tripp, the plaintiff, David Robbins, suffered a loss of earning capacity.

219.   As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, William Tripp, the plaintiff, David Robbins, suffered severe emotional distress.

WHEREFORE, the plaintiff, David Robbins, demands judgment against the defendant, William Tripp, in an amount which will fully and fairly compensation him for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

850676v1

## COUNT XXI

### Breach of Contract Against William Tripp (David Robbins)

220.    The plaintiffs repeat and incorporate herein by reference the allegations contained in
        paragraphs 1-219 as if set forth an full herein.

221.    At all relevant times, the Rules constituted a private contract between the participants of
        the Regatta and the Race, including plaintiff, David Robbins, and the defendants.

222.    By entering the Regatta and the Race, the defendant, William Tripp, agreed to be bound
        by the Rules.

223.    During the Race, the defendant, William Tripp, violated the Rules.

224.    By violating the Rules, the defendant, William Tripp, breached the contract with the
        plaintiff, David Robbins.

225.    As a proximate and direct result of the defendant, William Tripp's breach of the contract,
        as set forth above, the plaintiff, David Robbins, suffered severe personal injuries.

226.    As a proximate and direct result of the defendant, William Tripp's breach of the contract,
        as set forth above, the plaintiff, David Robbins, suffered a loss of wages.

227.    As a proximate and direct result of the defendant, William Tripp's breach of the contract,
        as set forth above, the plaintiff, David Robbins, suffered a loss of earning capacity.

228.    As a proximate and direct result of the defendant, William Tripp's breach of the contract,
        as set forth above, the plaintiff, David Robbins, suffered severe emotional distress.

229.    As a proximate and direct result of the defendant, William Tripp's breach of the contract,
        as set forth above, the plaintiff, David Robbins, suffered a permanent impairment.

        WHEREFORE, the plaintiff, David Robbins, demands judgment against the defendant,

William Tripp, in an amount which will fully and fairly compensation him for the loss of earning

31

capacity, lost wages, personal injuries and emotional distress, as set forth above together with all

damages, interest, attorneys fees and costs allowed by law.

## JURY CLAIM

THE PLAINTIFFS, JACK FOLEY, MARY O'DONOGHUE AND DAVID ROBBINS, DEMAND A TRIAL BY JURY AS TO ALL ISSUES SO TRIABLE.

Dated: July 7, 2005

> **MORRISON MAHONEY LLP**
> 17 State Street
> New York, NY 10004
> (212) 825-1212
> Attorneys for Plaintiffs
> JACK FOLEY, MARY O'DONOGHUE AND
> DAVID ROBBINS
>
> BY: _____
> Brian P. Heermance, Esq. (BPH 6805)
>
> _____
> Demi Sophocleous, Esq. (DS 6450)

32